**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| SERGIO R. HERNANDEZ, | | |
| Plaintiff, | | CIVIL ACTION NO.: 5:25-cv-124 |
| v. | | |
| WARDEN SPANN, et al., | | |
| Defendants. | | |

## O R D E R

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983, as amended.  Docs. 1, 14.  The Court now conducts its frivolity screening under 28 U.S.C. § 1915A.[1]  For the reasons stated below, I **DISMISS** the following portions of Plaintiff's Amended Complaint:

1. All claims against Defendants Cobb County Jail, Cobb County Sheriff's Department ("CCSD"), and other governmental entities responsible for Plaintiff's custody and care (the "Entity Defendants");

2. Plaintiff's deliberate indifference claims against Defendants James, Rowell, and Taylor;

3. Plaintiff's failure-to-protect claims against Defendants Cray, Harris, and James;

4. All claims against Defendants Oliver, Owens, and Spann (the "supervisory officials"); and

5. All claims against Does (except the Does who heard statements about threats to Plaintiff's safety).

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following Eighth Amendment claims by separate Order: Plaintiff's failure to protect claim against Defendants Rowell, Taylor, and the Does who heard statements about

---

[1]    Plaintiff consented to my plenary review.  Docs. 4, 6.

threats to Plaintiff's safety; Plaintiff's deliberate indifference claim against Defendants Cray and Harris; Plaintiff's conditions of confinement claim against Defendants James and Taylor; and Plaintiff's excessive force claim against Defendant CERT Member.

### PLAINTIFF'S CLAIMS[2]

Plaintiff brings this suit under § 1983, alleging Defendants violated his constitutional rights while he was housed at Cobb County Jail ("CCJ"), Hancock State Prison ("HSP"), Telfair State Prison ("TSP"), and Ware State Prison ("WSP").  Doc. 14 at 13.

On October 18, 2023, multiple inmates attacked and injured Plaintiff while he was housed at TSP.  Id. at 13–14.  Plaintiff was then transferred to HSP.  There, Defendants placed him in a lockdown unit.  Id. at 14.  At one point, Plaintiff was briefly transferred to CCJ.  Id. at 15.  While he was at CCJ, a court ordered that Plaintiff "was not to be returned back to the prison system until his attorney submitted an" amended motion for new trial.  Id.  Defendants CCJ and CCSD then violated this order by returning Plaintiff to HSP.  Id.

At some point, Plaintiff was transferred to WSP.  Defendants placed Plaintiff in the lockdown unit at WSP for four months.  Id. at 16–17.  Defendant Unit Manager Rowell told Plaintiff he was in the lockdown unit because of threats to his safety.  Id. at 16.  Defendant Security Threat Group Coordinator Taylor also told Plaintiff he would be unsafe outside the lockdown unit.  Id.  In January 2025, Defendants moved Plaintiff to a general population dorm, where other inmates attacked and injured Plaintiff again.  Id.  Following this incident, Defendant "CERT Member" slapped Plaintiff because he said that the prison was responsible for the attack.  Id.  Then, while Defendant Unit Manager James was officer-in-charge, Plaintiff was "left

---

2   All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 14.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

exposed and unsecured overnight without proper bedding" in cold conditions in a holding pen. Id. at 17.  Defendant Taylor removed Plaintiff from the holding pen and returned him to the lockdown unit.  Id.

Plaintiff claims that Defendants failed to provide him with adequate medical care after other inmates attacked him in TSP.  Id.  At an unspecified time, Plaintiff submitted medical requests and complained about his care to two doctors at WSP (Defendants Cray and Harris).  Id. Plaintiff also states that, when housed in lockdown units, Defendants denied him access to showers and outdoor recreation.  Id.  Plaintiff seeks damages, declaratory and injunctive relief, and costs.  Id. at 19.

## STANDARD OF REVIEW

A federal court must conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

I.    **Claims Against Entity Defendants**

Plaintiff names CCJ, CCSD, and other "governmental entities responsible for Plaintiff's custody, care, classification, and medical care" as Defendants. Doc. 14 at 13. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995); see also Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020).

While local governments qualify as "persons" under § 1983, state agencies, sheriff's departments, and penal institutions are not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]") (citations omitted); Williams v. Chatham Cnty. Sheriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

4

Because the Entity Defendants are state agencies, sheriff's departments, and penal institutions, none are "persons" subject to suit under § 1983.  Hale, 50 F.3d at 1582.  Thus, I **DISMISS** all claims against the Entity Defendants.

**II.    Claims Against Named Officials**

In conclusory fashion, Plaintiff states that Defendants—implicitly including all named Defendants—violated his rights under the Eighth Amendment by failing to protect him and by being deliberately indifferent to his serious medical needs.  Doc. 14 at 18.  Plaintiff names Defendants Cray, Harris, James, Rowell, and Taylor as Defendants and mentions them in his factual allegations.  Id. at 15–18.  Plaintiff also names Cobb County Sheriff Owens, Georgia Department of Corrections Commissioner Oliver, and WSP Warden Spann as Defendants but makes no reference to them in his narrative.  Id. at 2–3.

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Here, Plaintiff fails to allege any facts associating Defendants Cray, Harris, and James with any failure to protect Plaintiff.  Plaintiff also fails to allege any facts that associate Defendants James, Rowell, and Taylor with deliberate indifference to his serious medical needs.  Likewise, Plaintiff fails to explain how the supervisory officials were involved in any violations of his constitutional rights.  Thus, these claims fail.

If Plaintiff seeks to hold the supervisory officials liable for the acts of their subordinates without alleging any personal involvement, his claims also fail.  "It is well established in this

circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged the supervisory officials participated in the events forming the basis of any of Plaintiff's claims. And Plaintiff has not alleged any reason to support the conclusion the supervisory officials participated in violating any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between the supervisory officials and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).

A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610

6

F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing, or indeed any showing beyond conclusory allegations, as to the supervisory officials.

Thus, I **DISMISS**: Plaintiff's deliberate indifferent claims against Defendants Cray and Harris; Plaintiff's failure to protect claims against Defendants James, Rowell, and Taylor; and all claims against the supervisory officials.

### III.   Claims Against Unnamed Officials

Plaintiff brings claims against unnamed "correctional officers [and] medical personnel . . . responsible for Plaintiff's custody, care, classification, safety[,] and medical care, including officials" at each of the prisons at which he was incarcerated.  Doc. 14 at 13.  But Plaintiff cannot state cognizable claims without connecting individual Defendants to his alleged constitutional violations.  See Douglas, 535 F.3d at 1321–22 ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff states plausible claims against only a few unnamed Defendants: the CERT member who slapped Plaintiff, the correctional officers who heard Defendant Taylor tell Plaintiff "he had a ticket on his head," and the CERT member who heard Defendant Rowell tell Plaintiff that he was "going to get killed when he got out of lockdown."  Id. at 16.  Plaintiff has not stated plausible claims against the other Doe Defendants.  Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing the pleader is entitled to relief."); Iqbal, 556 U.S. at 678.

Thus, I **DISMISS** all claims against unnamed and Doe Defendants except Plaintiff's excessive force claim against Defendant CERT Member and Plaintiff's failure to protect claims

against the Does (i.e., correctional officers and CERT team members) who heard Defendants Rowell and Taylor's statements about death threats.

## CONCLUSION

For the reasons stated above, I **DISMISS** the following portions of Plaintiff's Amended Complaint:

1.    All claims against the Entity Defendants;

2.    Plaintiff's deliberate indifference claims against Defendants James, Rowell, and Taylor;

3.    Plaintiff's failure to protect claims against Defendants Cray, Harris, and James;

4.    All claims against the supervisory officials; and

5.    All claims against Does (except the Does who heard statements about threats to Plaintiff's safety).

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following Eighth Amendment claims by separate Order: Plaintiff's failure to protect claim against Defendants Rowell, Taylor, and the Does who heard statements about threats to Plaintiff's safety; Plaintiff's deliberate indifference claim against Defendants Cray, Harris, and Taylor; Plaintiff's conditions of confinement claim against Defendants James and Taylor; and Plaintiff's excessive force claim against Defendant CERT Member.

**SO ORDERED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA